February 9, 2015

77,138-25

GARY FITZSIMMONS
District Clerk
Frank Crowley Court Building
133 N. Riverfront Blvd., LB12
Dallas, Texas 75207

C/o Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

RE: 11.07 Writ of Habeas Corpus F08-60213
Out-of-Time Appeal From GRANTED Motion for New Trial

Dear District Clerk's Office,
This is in regards to the Out-of-Time Appeal that I am seeking for F08-60213 Compelling prostitution. Enclosed is Ground Six, that needs to be added to my recently filed 11.07. I am mailing a copy of this letter and ground six to the Court of Criminal Appeals, in case it gets lost. Thanks for your time.

Sincerely
SENRICK WILKERSON

P.S.
Also, the added Memorandum of law is also enclosed

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 11 2015

Abel Acosta, Clerk

GROUND SIX: Senrick Wilkerson is entitled to a new trial due to the fact that the Motion for New Trial was circled GRANTED on January 5, 2011. Attorney's Calvin D. Johnson & Appeal lawyer Lori Ordiway were ineffective assistance of counsel due to the fact that both counsel's purposely failed to inform Wilkerson that a new trial was GRANTED.

FACTS SUPPORTING GROUND SIX: On 12/17/2010, Senrick Wilkerson was illegally convicted and sentenced for cause NOS. F10-01183 & F10-01184. These two convictions were illegal due to the fact that Wilkerson was never once arrested, never read any Miranda Rights, never once arraigned and never once participated in any first preliminary initial appearances for both sex offenses. But Dallas County is showing three(3) different arrest dates for them, but can not produce any DPS Arrest Records for them. Also, Wilkerson was wrongfully convicted on 12/17/2010 for cause NO. F08-60213. Defense counsel Calvin D. Johnson signed and filed a motion for new trial, with cause NOS. F08-60213, F10-01183 & F10-01184 on 12/17/2010 and it was received by the court. See Exhibit A. On January 5, 2011, the State date stamped this motion after it was circled GRANTED, and signed above: "___Judge___"; in which entitles Wilkerson to a new trial. However, Wilkerson sat in Dallas County illegally for 34 months, and defense counsel Calvin D. Johnson purposely failed to inform Wilkerson that the motion for new trial was GRANTED on January 5, 2011. On February 11, 2011, appeals lawyer Lori Ordiway was retained by Wilkerson's family members, whom had access to the Clerk's record, and the trial records. Lori Ordiway purposely failed to inform Wilkerson that the motion for new trial was GRANTED on January 5, 2011. The unprofessional actions from both Johnson & Ordiway, totally caused serious harm to Senrick Wilkerson by purposely failing to inform Wilkerson that a new trial was GRANTED on January 5, 2011. This is clear evidence of ineffective assistance of counsel because both officers of the court had total access to all records of cause NOS. F08-60213, F10-01183 & F10-01184. The State will argue and claim that Wilkerson could have requested the Clerk's record. But the fact is; Wilkerson has continued to request all records from the court; and was constantly ignored. Relief must be GRANTED.

(Nunc Pro Tunc), because there are no Affidavits, no arraignment sheets, and no first preliminary inital appearance sheets for F10-01183 & F10-01184. See Exhibit A.

## PRAYER

The Petitioner prays that the Court of Criminal Appeals ORDER Dallas County District Clerk to correct all clerical mistakes (Nunc Pro Tunc), and forward Petitioner the corrections to the following address below.

Respectfully submitted,

SENRICK WILKERSON [PRO SE]
TDCJ No. 1885146
Ramsey I Unit
1100 FM 655 7E-2-177
Rosharon, Texas 77583

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2015, the foregoing Motion for Nunc Pro Tunc has been U.S. mailed to: Court of Criminal Appeals, P.O. BOX 12308 Capitol Station, Austin, Texas 78711. (Dallas County District Clerk's office will not respond).

SENRICK WILKERSON

## NOTICE OF HEARING

The above Motion for Nunc Pro Tunc is set for hearing on, _____, 2015, at _____ am/pm in Dallas County Court No. ___, at Frank Crowly District Court Building.

_____
Judge

Executed on _____, 2015

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL COURT
OF APPEALS IN
AUSTIN, TEXAS

### MOTION FOR NUNC PRO TUNC

TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:

"My name is Senrick Wilkerson, TDCJ No. 1885146, I am the Petitioner in this case. I have filed over five (5) motions for Nunc Pro Tunc with the Dallas County District Clerk office since 2011 until present, and not once have Dallas County responded. Therefore, I am requesting that the Court of Criminal Appeals to ORDER Dallas County District Clerk to respond to this Motion. I bring this Motion for Judgment to correct mistakes (Nunc Pro Tunc) because:

1) Dallas County is showing that I was arrested for F10-01183 sexual performance by a child & F10-01184 sexual assault on a child on 9/7/2008, in September of 2010, on 12/17/2010 & Dec. 23, 2010, All four arrest dates are absolutely false.

2) The Judicial Information for Cause Nos. F10-01183 & F10-01184; as well as the Criminal History Information Records show that I was arrested on 12/17/2010. Thats false.

3) The Capias arrest warrants for Cause Nos. F10-01183 & F10-01184 show an arrest date as Dec. 23, 2010. Thats false.

4) In Case No. 3:14-CV-476-P-BK, Magistrate Judge Renee Toliver claimed that the notation on both capias warrants from cause Nos. F10-01183 & F10-01184, that reads DISMISSED ON MOTION ON DISTRICT ATTORNEY, was a clerical error.

5) On January 5, 2011, the motion for new trial from all three (3) cases above, was circled GRANTED. On 7/7/2011, Judge Ramos wrote, "I did not rule on this".

6) The AIS bond detail information from Cause Nos. F10-01183 & F10-01184, but show that I posted PR bonds for them on 2/24/2011. But on 12/3/2010, I was tricked into signing PR bond on 12/3/2010, while I was never once arrested, never once detained, and never once in any custody for cause Nos. F10-01183 & F10-01184.

7) The Dallas County Sheriff's bond section made-up some fraudulent bond receipts for cause Nos. F10-01183 & F10-01184, with a posted date as 2/24/2011, someone removed the word RECEIPT, then hand-wrote "PR" bond on them with a receipt number.

A) A final judgment was signed on all three (3) cases above on December 17, 2010.

B) The signed judgment is incorrect because: On 12/17/2010, malpractice and ineffective defense counsel Calvin D. Johnson had signed and filed a motion for new trial. On January 5, 2011, that motion for new trial was circled GRANTED; in which the Court of Appeals lost its jurisdiction. The jurisdiction belonged to the trial court of Auxilliary Court No. 7. But I sat illegally in Dallas County Jail for 34 months, and no one informed me of this GRANTED motion for new trial. I just barely received the clerks record in June of 2014, which has the GRANTED motion for new trial that is included.

I ask that the Court grant the Motion for Judgment to correct Clerical mistakes

Page 1 of 2



# FELICIA PITRE
## DALLAS COUNTY DISTRICT CLERK

Mr. Wilkerson

Our office does not provide DPS arrest records. The arrest affidavits, arraignment sheets, and first preliminary initial appearance sheet was not located in your files. At this time we can only provide you your trial docket sheets and bond receipts. If you have any questions please submit another request to our office. Thank you.

Sincerely,
District Clerk Deputy
P. Johnson

133 N. Riverfront BLVD. DALLAS, TEXAS 75207 MAIN (214) 653-5950
FAX (214) - 653 - 5986 e-mail:gfitzsimmons@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html



Exhibit
A